| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | JUSTIN L. LEE<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| 5 | Attorneys for Plaintiff<br>United States of America |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALDO ARELLANO,<br><br>Defendant. | CASE NO. 2:17-CR-00222-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 9, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the defendant, by and through counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 9, 2020.

2. By this stipulation, the defendants now move to continue the status conference until January 30, 2020, at 9:30 a.m., and to exclude time between January 9, 2020, and January 30, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes over 14,000 pages and several hours of recorded telephone conversations. All of this discovery has been produced directly to counsel.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

b) Defense counsel desires additional time to review the discovery, conduct research into the case, to discuss the case with her client, and otherwise prepare for trial in this matter.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 9, 2020, to January 30, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 7, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney

Dated: January 7, 2020  /s/ SHARI RUSK
SHARI RUSK
Counsel for Defendant
ALDO ARELLANO

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 7th day of January, 2020.

Troy L. Nunley
United States District Judge