SHARI RUSK
Attorney at Law
P.O. Box 188945
Sacramento, CA 95818
Telephone:     (916) 804-8656
Email: rusklaw@att.net

Attorney for defendant
ALDO ARELLANO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALDO ARELLANO,<br><br>Defendant. | No.  2:17-CR-00222-TLN<br><br>**STIPULATION AND ORDER FOR PRE-PLEA REPORT AND TO CONTINUE STATUS CONFERENCE**<br><br>Date: March 11, 2021<br>Time: 9:30 am<br>Judge: Hon. Troy L. Nunley |

  Defendant, Aldo Arellano, through his undersigned counsel, and the United States, through its undersigned counsel, hereby stipulate and request that the status conference currently set for Thursday, March 11, 2021, at 9:30 a.m. be vacated and continued to Thursday, June 3, 2021, at 9:30 a.m.

  The parties further stipulate and request that the Court order that a pre-plea report related to the defendant's criminal history and potential application of the sentencing guidelines be produced.  The defendant is currently charged with two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  The defendant's lengthy and complex criminal history may trigger application of the Career Offender guidelines.  Application of the Career Offender guideline may result in the defendant's advisory guideline range swinging to over 262 months.  The Supreme Court's recent decisions in in *Johnson v. United States,* 135 S. Ct. 2551 (2015) and *Beckles v. United States,* 137 S. Ct. 886, (2017) as well as the subsequent

cases interpreting these decision have injected uncertainty into whether Career Offender will apply in this case.

The parties do not want to unnecessarily burden the Court's trial calendar if a negotiated resolution is possible and a pre-plea report will assist the parties in making that determination.

The parties contacted Probation and Probation is not opposed to this stipulation and not opposed to preparing a pre-plea report in this case given the complexity of this case and the potentially significant impact on the sentencing guidelines.

Accordingly, a continuance is appropriate to allow Probation time to prepare a pre-plea report, to allow the parties time to review and evaluate the report and if necessary to conduct additional research, and otherwise determine if this matter may be resolved or prepared for trial.

The parties further stipulate that the failure to grant a continuance in this matter would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence; that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial; and that time should be excluded from the computation of time within which trial must commence under the Speedy Trial Act from March 11, 2021, up to and including June 3, 2021, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv) and Local Code T-4, to allow defense counsel reasonable time to prepare.

Dated: February 26, 2021				McGREGOR W. SCOTT
						United States Attorney

						/s/ JUSTIN LEE
						JUSTIN LEE
						Assistant U.S. Attorney


Dated: February 26, 2021				/s/ SHARI RUSK
						SHARI RUSK
						Counsel for defendant
						ALDO ARELLANO

**ORDER**

Based upon the Court's consideration of the stipulation of the parties, the Court HEREBY ORDERS that the status conference in this case is continued to June 3, 2021, at 9:30 a.m. The Court FINDS that the failure to grant such a continuance would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Accordingly, the time within which the trial of this case must be commenced under the Speedy Trial Act is excluded from March 11, 2021, up to and including the date of the new status conference, June 3, 2021, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Code T4. The Court FINDS that the ends of justice served by granting this continuance outweigh the best interest of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Code T-4.

It is FURTHER ORDERED that Probation shall prepare a pre-plea criminal history calculation in this case. The pre-plea report shall contain the criminal history calculation for the defendant, including whether any prior criminal conviction qualifies as a Career Offender predicate should the defendant be convicted in the instant case of a violation of 21 U.S.C. § 841(a)(1). Probation shall disclose a copy to the United States and the defendant upon completion.

IT IS SO ORDERED.

Dated: March 1, 2021

Troy L. Nunley
United States District Judge