1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No. 2:17-cr-00222-TLN

12                Plaintiff,

13          v.                               **ORDER**

14    ALDO ARELLANO,

15                Defendant.

16

17          This matter is before the Court on Defendant Aldo Arellano's ("Defendant") Motion for

18    Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 132.)  The

19    Government filed an opposition.  (ECF No. 140.)  Defendant filed a reply.  (ECF No. 148.)  For

20    the reasons set forth below, the Court DENIES Defendant's motion.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2021, Defendant pleaded guilty to Count Two of the Information.  (ECF Nos. 114, 116.)  Count Two charged distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 1 at 2.)  On March 10, 2022, the Court sentenced Defendant to an 87-month term of imprisonment to be followed by a 60-month term of supervised release.  (ECF Nos. 129, 130.)  Defendant is currently serving his sentence at Springfield MCFP.  He has served approximately 68 months of his 87-month sentence, and his projected release date with the application of good conduct time is April 20, 2024.  (ECF No. 140 at 2.)  On August 30, 2023, Defendant filed the instant motion for compassionate release.  (ECF No. 132.)  Defendant requests the Court reduce his term of imprisonment to time served.  (*Id.*)

## II.   ANALYSIS

### A.   Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement.  Defendant made a request to the warden that was denied on September 19, 2023. (ECF No. 140-2 at 1.)  Because more than 30 days have elapsed since that request, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

### B.   Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by

2

1    the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "the

2    current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. §

3    3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021).

4    The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13

5    may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they

6    are not binding." *Id.*  The Court thus looks to § 1B1.13 as persuasive authority.

7         Defendant argues the following facts establish extraordinary and compelling reasons for

8    his release, all resulting from an attack suffered while incarcerated: (1) his serious physical and

9    medical conditions; (2) his serious cognitive impairment; (3) his serious medical needs not being

10   adequately addressed; and (4) his continued risk of developing more serious mental health

11   conditions.  (ECF No. 132 at 8–12.)  In opposition, the Government argues that none of these

12   circumstances justify Defendant's release, as he has not shown the BOP is unable to manage his

13   health concerns.  (ECF No. 140 at 4.)  As will be discussed, the Court agrees with the

14   Government.

15        Defendant has not shown that his medical condition constitutes an extraordinary and

16   compelling reason for release.  Defendant's medical records, filed under seal by Defendant and

17   the Government, indicate he is suffering from various conditions, including vitamin D

18   insufficiency, opioid use disorder (OUD), stimulant related disorder, mood disorder, low back

19   pain, and a head injury.  (ECF No. 145-1 at 5.)  Defendant's medical records confirm he was

20   previously hospitalized and treated for a traumatic brain injury suffered after an attack on his

21   person.  (*See generally* ECF No. 135.)  Defendant now resides at Springfield MCFP, a BOP

22   medical facility, where he continues to receive care for his injuries.  (ECF No. 140 at 4.)

23   Defendant's primary argument is that his medical needs are not being met by BOP and that his

24   recovery would be much quicker if he were released.  Defendant submitted 748 pages of medical

25   records but has failed to explain to the Court how these records demonstrate he is unable to

26   complete the remainder of his recovery in Springfield MCFP.  Further, the records suggest

27   Defendant can provide self-care and "overall feels well."  (ECF No. 135 at 25; ECF No. 145-1 at

28   7.)

1    The Court agrees with the Government these conditions do not amount to extraordinary or

2    compelling circumstances, as it appears none of the conditions substantially diminish Defendant's

3    ability to provide self-care and the BOP is capable of adequately treating his medical conditions.

4    While the Court sympathizes with Defendant, he fails to persuade the Court that his current

5    medical state warrants a sentence reduction.  Therefore, the Court concludes there are no

6    extraordinary and compelling reasons for Defendant's release.

7                           C.      18 U.S.C. § 3553(a) Factors

8          In addition, the Court finds a sentence reduction is not warranted under the 18 U.S.C. §

9    3553(a) ("§ 3553(a)") factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the §

10   3553(a) factors before granting compassionate release).  In arguing the § 3553(a) factors warrant

11   a time served sentence, Defendant discusses his young age, the non-violent nature of his offense,

12   the low chances of recidivism due to his injuries, how much of his sentence has been served, and

13   his culpability compared to his co-Defendant.  The Court already took some of these factors into

14   account at sentencing, wherein the Court gave Defendant a significantly lower sentence than was

15   recommended by both Probation and the sentencing guidelines pursuant to his Rule 11(c)(1)(C)

16   plea agreement.  (ECF No. 116.)  Defendant has not shown that any new factors support a

17   sentence reduction from the low-end, 87-month term of imprisonment.  Accordingly, the Court

18   finds an 87-month sentence is reasonable but not greater than necessary to deter Defendant and

19   others from committing similar crimes, to promote respect for the law, and to provide just

20   punishment.

21   **III.    CONCLUSION**

22         For the foregoing reasons, the Court hereby DENIES Defendant's Motion for

23   Compassionate Release.  (ECF No. 132.)

24         IT IS SO ORDERED.

25   Date:  November 30, 2023

26   _____

27                                            Troy L. Nunley
                                             United States District Judge

28

4